**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR344** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **CHRIS DUKICH,** | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing Nos. 52, 54). The government has adopted the PSR. (Filing No. 53.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶ 36 (lack of adjustment for the safety valve). The Defendant also asks that the Court view the guidelines as advisory and "hopes" that the government will file a motion for downward departure based on substantial assistance.

As stated in the Addendum to the PSR, the Defendant is not eligible for the safety valve because he does not meet the criterion set out at U.S.S.G. § 5C1.2(a)(2) (requiring, among other things, that the offense did not involve possession of a firearm or other dangerous weapon in connection with the offense). In fact, the Defendant pleaded guilty to not only the drug crime charged in Count I of the Indictment, but also to Count II, which charges him with possessing a firearm during the drug trafficking offense charged in Count I. The remaining objections relate to the guideline calculation and are premised on the desired application of the safety valve. Therefore the Defendant's objections to the PSR are denied.

As stated above, the Court follows the law in viewing the guidelines as "advisory." Whether the government chooses to file a motion for downward departure based on substantial assistance is within the government's discretion.  U.S.S.G. § 5K1.1.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing Nos. 52, 54) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 10th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge